UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR07-01419 RMT |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE |
| vs. | |
| KENNETH NICOLAS HILL, | |
| Defendants. | |

This matter came before the court on the motion by Defendant Kenneth Nicolas Hill ("Defendant") to suppress evidence. Hearings on Defendant's motion were held on June 16 and 30, 2008 at the conclusion of which this court orally granted the motion to suppress evidence. The court issues this written order to ensure the record reflects the basis on which Defendant's motion was decided.

On December 21, 2007, Defendant was indicted on one count, charging Defendant with embezzlement of mail matter by a postal service employee under 18 U.S.C. §1709.

On March 21, 2008, Defendant filed a motion to suppress evidence and statements obtained as a result of a traffic stop and search of a vehicle driven by Defendant on December 13, 2007. At the hearing on June 16, 2008, counsel stipulated to limiting the evidence to the filed declarations of Officer Brandon Valdez ("Officer Valdez"), Special Agent Amy Fong, Detective Scott Padin, and Officer Valdez's

testimony. The court ordered further briefing and continued the matter to June 30, 2008.

On June 30, 2008, the government orally moved to reopen the evidentiary hearing. After hearing argument, the court denied the motion to reopen. Thereupon the court granted the motion to suppress. The suppression is based on the following findings:

***Factual Findings***

On December 17, 2007, Officers Valdez and Roberto Rodriguez ("Officer Rodriguez") (collectively, the "officers") stopped a vehicle driven by Defendant. (Declaration of Officer Brandon Valdez ("Valdez Decl."), ¶ 2). Officer Valdez states that Defendant was driving a vehicle "with tinted forward side windows in violation of California Vehicle Code Section 26708(a)(1)."[1] (Id. ¶).

Officer Valdez made contact with Defendant who rolled down the window of the vehicle. (Id. ¶ 3). Officer Valdez states that he smelled a strong odor of marijuana. (Id.) Officer Valdez then asked Defendant if he had been smoking marijuana and Defendant stated that he had smoked earlier. (Id. ¶ 4). Officer Valdez then ordered Defendant out of the car. (Id.)

Officer Valdez asked Defendant if he could search the vehicle, stating, "Hey, you mind if I search the vehicle?" (Id.) Defendant stated, "Go ahead." (Id.) Defendant then handed the car keys to Officer Valdez. (Id.)

Officer Valdez first searched the passenger compartment of the vehicle where he found marijuana seeds and flakes. (Id. ¶ 6). Inside the vehicle, Officer Valdez also recovered multiple items of jewelry with price tags still attached, in the console and in the back seat of the car. (Id.) Upon searching the trunk of the vehicle, Officer Valdez

---

[1] At the June 16, 2008 hearing, Officer Valdez, mistaken as to the law, stated that he believed that any tinting of the forward side windows of a vehicle violates California law. (See Memorandum of points and authorities re: suppression of evidence, Docket # 35, at 2). Under section 26708, it is not illegal to have forward side windows that are tinted so long as the tinted windows permit light transmittance of at least 70%. See Cal. Veh. Code § 26708(d).

recovered United States Savings Bonds.  (Id. ¶ 7).

*Traffic stop under the Fourth Amendment*

A warrantless traffic stop is permissible under the Fourth Amendment "where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996). A police officer must have objective, probable cause to conduct a traffic stop. See United States v. Wallace, 213 F.3d 1216, 1220 (9th Cir. 2000). Probable cause exists "when police officers have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." Id. (citing United States v. Fouche, 776 F.2d 1398, 1403 (9th Cir. 1985)).

A traffic stop may be supported by "reasonable suspicion," rather than probable cause. United States v. Thomas, 211 F.3d 1186, 1189 (9th Cir. 2000).

> Reasonable suspicion is formed by "specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." An officer is entitled to rely on his training and experience in drawing inferences from the facts he observes, but those inferences must also "be grounded in objective facts and be capable of rational explanation."

United States v. Mariscal, 285 F.3d 1127, 1130 (9th Cir. 2002) (citing United States v. Lopez-Soto, 205 F.3d 1101, 1105 (9th Cir. 2000)).

In U.S. v. Wallace, the officer conducted a traffic stop based on his observation that the forward side windows of the defendant's vehicle were tinted. Wallace, 213 F.3d at 1220. Additionally, the officer stated that he not only observed that the defendant's windows had a "heavy tint" but also that "the occupant inside was at a harder degree to look into the vehicle." Id. However, the officer had a mistaken belief that all tinting of the forward side windows of a vehicle violated California law. Id. The court stated that the officer's "mistaken impression that all front-window tint is illegal is beside the point" because "[t]he issue is not how well [the officer] understood California's window tinting

laws, but whether he had objective, probable cause to believe that these windows were, in fact, in violation." Id.  Thus, the court held that based on the officer's observations, there was probable cause to believe that the vehicle was in violation of California law. Id. at 1221.

Similarly, Officer Valdez's mistake of law does not preclude finding probable cause or reasonable suspicion as long as there are "specific, articulable facts" to warrant a reasonable belief that Defendant was committing a crime.  See Wallace, 213 F.3d at 1220-21.  However, unlike the officer in Wallace, who stated that he observed "heavy tint" and that "the occupant inside was at a harder degree to look into the vehicle," Officer Valdez's testimony only includes a conclusory statement that he observed Defendant's vehicle "with tinted forward side windows in violation of California Vehicle Code Section 26708(a)(1)." (Valdez Decl. ¶ 2).  At the June 16, 2008 hearing, Officer Valdez did not provide additional facts nor observations warranting a reasonable belief that Defendant's tinted forward side windows were in violation of section 26708. Thus, without "specific, articulable facts," the court is unable to conclude that the officers had reasonable suspicion to stop Defendant's vehicle.

Because the court finds that the government has not established that the officers had reasonable suspicion to justify stopping Defendant's vehicle, evidence and statements obtained as the result of the traffic stop should be suppressed. Accordingly,

IT IS ORDERED that Defendant's motion to suppress is GRANTED.

Dated: July 18, 2008.

_____
ROBERT M. TAKASUGI
United States District Sr. Judge

4